**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DAVID L. DAVIDSON,
     Appellant,

    v.

DEPARTMENT OF THE NAVY,
     Agency.

DOCKET NUMBER
AT-3330-14-0603-B-3

DATE: March 19, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>J. Cole Davis</u>, Esquire, Panama City, Florida, for the appellant.

<u>David Kendrick</u>, Panama City, Florida, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in his Veterans Employment Opportunities Act (VEOA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. For the reasons discussed below, we DENY the appellant's petition for review, VACATE the initial decision, but still DENY corrective action on a basis different than that articulated in the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

At all relevant times, the appellant was a preference-eligible employed by the agency in Orlando, Florida, as a GS-7 Contract Specialist. *Davidson v. Department of the Navy*, MSPB Docket No. AT-3330-14-0603-I-1, Initial Appeal File (IAF), Tab 1 at 7; *Davidson v. Department of the Navy*, MSPB Docket No. AT-3330-14-0603-B-2, Appeal File (B-2 AF), Tab 7 at 44. The appellant applied to an announcement advertising two agency GS-7 Contract Specialist vacancies located in Panama City, Florida, in the same office which employed his wife. IAF, Tab 1 at 9, Tab 9 at 4-8; *Davidson v. Department of the Navy*, MSPB Docket No. AT-3330-14-0603-B-3, Appeal File (B-3 AF), Tab 20, Hearing Transcript at 143-44 (testimony of the selecting official). The vacancies, which were posted under the agency's Pathways Recent Graduates program, were open to all applicants who had completed qualifying education requirements within specified timeframes. IAF, Tab 9 at 4-5. The appellant was not selected for either vacancy. IAF, Tab 1 at 9.

The appellant filed a VEOA complaint regarding his nonselection with the Department of Labor (DOL). IAF, Tab 11 at 14-20. After DOL issued him a

close-out letter, the appellant filed a Board appeal in which he claimed that the agency violated his right to compete for the vacancies under 5 U.S.C. § 3304(f)(1). IAF, Tab 1, Tab 11 at 4-5. Specifically, the appellant alleged that agency officials refused to consider him because they erroneously believed hiring him would constitute nepotism since the appellant's wife worked in the office where the vacancies were located. IAF, Tab 11 at 4-5.

The administrative judge found jurisdiction over the appeal but, without holding a hearing, denied the appellant corrective action on the grounds that the agency, which referred the appellant to the selecting official after reviewing his resume, was not required to consider him at every stage of the selection process. *Davidson v. Department of the Navy*, MSPB Docket No. AT-3330-14-0603-I-1, Initial Decision at 3 (June 10, 2014). On review, the Board vacated the initial decision and remanded the case for a hearing, concluding that a genuine dispute of material fact remained regarding what consideration, if any, the selecting official gave to the appellant's application, and whether the agency inappropriately applied nepotism rules in denying the appellant the opportunity to compete. *Davidson v. Department of the Navy*, MSPB Docket No. AT-3330-14-0603-I-1, Remand Order, ¶¶ 1, 10 (Dec. 15, 2014).

After holding a hearing on remand, the administrative judge again denied the appellant's request for corrective action, concluding that the agency did not deny the appellant the opportunity to compete under 5 U.S.C. § 3304(f)(1). B-3 AF, Tab 28, Remand Initial Decision. The appellant filed a petition for review. *Davidson v. Department of the Navy*, MSPB Docket No. AT-3330-14-0603-B-3, Petition for Review (B-3 PFR) File, Tab 3. The agency filed a response, to which the appellant replied. B-3 PFR File, Tabs 5, 6.

The appellant was not entitled to corrective action under 5 U.S.C. § 3304(f)(1) as a matter of law.

The Board's regulations reserve to it the authority to consider any issue in an appeal before it. *McClenning v. Department of the Army*, 2022 MSPB 3, ¶ 16;

5 C.F.R. § 1201.115(e). Thus, we exercise our authority to deny the appellant corrective action on a basis which the agency did not raise.

The Board has held that the right to compete under 5 U.S.C. § 3304(f)(1) is not limited merely to situations in which an agency elects to use merit promotion procedures, but rather is triggered when an agency accepts applications from individuals outside its own workforce, as was the case here. *Montgomery v. Department of Health and Human Services*, 123 M.S.P.R. 216, ¶ 7 (2016); IAF, Tab 9 at 4-5. But in *Kerner v. Department of the Interior*, 778 F.3d 1336, 1338-39 (Fed. Cir. 2015), which was decided after the remand order was issued in this appeal, the U.S. Court of Appeals for the Federal Circuit concluded that VEOA was intended to assist veterans in gaining access to Federal employment and that 5 U.S.C. § 3304 did not apply when an applicant was already employed in the Federal civil service. In *Oram v. Department of the Navy*, 2022 MSPB 30, ¶ 17, the Board followed *Kerner* in finding that a current Federal employee was not entitled to recovery on his claim that he was denied an opportunity to compete under 5 U.S.C. § 3304(f) as a matter of law.

The appellant was already employed in the Federal civil service when he applied to the vacancies at issue. B-2 AF, Tab 7 at 44. Thus, under *Kerner* and *Oram*, he was not entitled to an opportunity to compete under 5 U.S.C. § 3304(f)(1) and is not entitled to corrective action under VEOA.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                      _____
                                    Gina K. Grippando
                                    Clerk of the Board

Washington, D.C.